

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

November 19, 2021

FILED
DEC - 1 2021
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

Wesley P. Page
Federal Public Defender
300 Virginia St. E., Room 3400
Charleston, WV 25301

    Re:  United States v. Lacosta Steele
           Criminal Nos. 1:21-cr-00187-2 (USDC SDWV)

Dear Mr. Page:

This will confirm our conversations with regard to your client, Lacosta Steele (hereinafter "Ms. Steele"). As a result of these conversations, it is agreed by and between the United States and Ms. Steele as follows:

1. **PENDING CHARGES.** Ms. Steele is charged in four counts of a six-count indictment as follows:

   (a) Count One charges Ms. Steele with a violation of 18 U.S.C. §§ 2251(a) and (e) (conspiracy to engage in sexual exploitation of a minor);

   (b) Count Two charges Ms. Steele with a violation of 18 U.S.C. §§ 2251(a) and (e) (sexual exploitation of a minor);

   (c) Count Three charges Ms. Steele with a violation of 18 U.S.C. § 2422(b) (enticement of a minor); and

   (d) Count Four charges Ms. Steele with a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (distribution and

*LS*
Defendant's
Initials

attempted distribution of child pornography).

2. **RESOLUTION OF CHARGES.** Ms. Steele will plead guilty to Count Four of said indictment, which charges her with a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (distribution and attempted distribution of child pornography). Following final disposition, the United States will move the Court to dismiss Counts One through Three and the notice of forfeiture in Criminal No. 1:21-cr-00187-2 as to Ms. Steele.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Ms. Steele will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of 5 to 20 years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of 5 years to life;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A and 3664, or as otherwise set forth in this plea agreement.

4. **SPECIAL ASSESSMENT.** Ms. Steele has submitted certified financial statements to the United States reflecting that she is without sufficient funds to pay the special assessment due upon conviction in this case. Ms. Steele agrees that, if incarcerated, she will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

*LS*
Defendant's Initials

5. **RESTITUTION**. Ms. Steele understands that, pursuant to 18 U.S.C. § 2259, the Court shall order restitution to the victim in this case for full amount of the victim's losses, if any. Ms. Steele further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Ms. Steele further agrees as follows:

(a) Ms. Steele agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Ms. Steele will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Ms. Steele agrees not to dispose of, transfer or otherwise encumber any real or personal property which she currently owns or in which she holds an interest.

(d) Ms. Steele agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest she may have in and to such property, and waives her right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Ms. Steele agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000 per victim.



Defendant's Initials

> However, nothing in this provision is intended to preclude the Court from ordering Ms. Steele to pay a greater or lesser sum of restitution in accordance with law.

6. **PAYMENT OF MONETARY PENALTIES**. Ms. Steele authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess her financial condition for sentencing purposes. Ms. Steele agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Steele further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Ms. Steele authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Ms. Steele shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Ms. Steele agrees that if she retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, she shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, P.O.

_LS_
Defendant's Initials

Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct her attorney to notify FLP immediately of her representation.

7. **COOPERATION.** Ms. Steele will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Ms. Steele may have counsel present except when appearing before a grand jury. Further, Ms. Steele agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Ms. Steele, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by her pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Ms. Steele for any violations of federal or state laws. The United States reserves the right to prosecute Ms. Steele for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Ms. Steele stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

*LS*

Defendant's Initials

Ms. Steele agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by her, and she is subsequently tried for her conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Ms. Steele or of any of her witnesses, or in rebuttal of any testimony introduced by her or on her behalf. Ms. Steele knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Ms. Steele understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK** Ms. Steele knowingly and voluntarily waives her right to seek appellate review of her conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Ms. Steele also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 18 U.S.C. § 2252A(a)(2), is unconstitutional, and (2) Ms. Steele's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 U.S.C. § 2252A(a)(2).

The United States also agrees to waive its right to appeal


Defendant's Initials

any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Ms. Steele also knowingly and voluntarily waives the right to challenge her guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Ms. Steele knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **SEX OFFENDER REGISTRATION REQUIREMENT.** Ms. Steele understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, she must register as a sex offender and keep the registration current in each of the following jurisdictions: where she resides, where she is an employee and where she is a student. Ms. Steele understands that the federal registration requirement and any state registration requirement may apply throughout her life. Ms. Steele further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Ms. Steele understands that failure

_LS_
Defendant's
Initials

to comply with these obligations subjects her to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

14.  **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a)  Inform the Probation Office and the Court of all relevant facts and conduct;

(b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c)  Respond to questions raised by the Court;

(d)  Correct inaccuracies or inadequacies in the presentence report;

(e)  Respond to statements made to the Court by or on behalf of Ms. Steele;

(f)  Advise the Court concerning the nature and extent of Ms. Steele's cooperation; and

(g)  Address the Court regarding the issue of Ms. Steele's acceptance of responsibility.

15.  **VOIDING OF AGREEMENT**.  If either the United States or Ms. Steele violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

16.  **ENTIRETY OF AGREEMENT**.  This written agreement constitutes the entire agreement between the United States and Ms. Steele in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges



Defendant's Initials

against Ms. Steele in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

By: *Jennifer Rada Herrald* (signature)

WILLIAM S. THOMPSON
United States Attorney

Jennifer Rada Herrald
Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 9-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*Lacosta Steele* (signature)                11-22-21
Lacosta Steele                              Date Signed
Defendant

*Wesley P. Page* (signature)                 11/22/21
Wesley P. Page                              Date Signed
Counsel for Defendant

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 1:21-cr-00187-2

**LACOSTA STEELE**

### STIPULATION OF FACTS

The United States and LACOSTA STEELE (hereinafter "I" or "me") stipulate and agree that the facts comprising the offense of conviction in the Indictment and relevant conduct include the following:

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

From in or about October 2020 through in or about November 2020, I persuaded a 12-year-old female, Minor Female 1, to engage in sexually explicit conduct for the purpose of using a cell phone to create digital images and videos of such conduct. This conduct occurred at or near Iaeger, McDowell County, West Virginia, and within the Southern District of West Virginia. Specifically, I persuaded Minor Female 1 to engage in a bath with me for the purposes of making a video. In that video we were both fully nude and Minor Female 1 was depicted appearing to masturbate me with her hand. I also persuaded Minor Female 1 to take additional photographs of herself and send them to me; she provided me with images/videos depicting herself masturbating and penetrating her vagina with an object.

I persuaded Minor Female 1 to engage in this conduct for the purpose of creating videos of such conduct at the request of my boyfriend, Nicholas Icenhour. After creating these images, I sent them to him from my cell phone, using the cellular networks and/or Internet to send such images. I sent these videos from at or near Iaeger, McDowell County, West Virginia, during October and November 2020.

In addition to creating these videos depicting Minor Female 1, at Icenhour's request, I also arranged to transport Minor Female

**PLEA AGREEMENT EXHIBIT A**

1 to R.D. Bailey Lake in Mingo and Wyoming Counties, West Virginia, between October 28, 2020 and November 2, 2020. Icenhour traveled from his residence in Tazewell, Virginia to R.D. Bailey Lake for the purpose of engaging in sexual intercourse with Minor Female 1. I was aware that Icenhour did, in fact, engage in sexual intercourse with Minor Female 1 at that time.

This Stipulation of Facts does not contain each and every fact known to me and to the United States concerning my involvement in the charges set forth in the Indictment.

Stipulated and agreed to:

_LaCosta Steele_      12-1-21
LACOSTA STEELE             Date
Defendant

_[signature]_      12/1/21
WESLEY P. PAGE           Date
Counsel for Defendant

_[signature]_      12-1-21
JENNIFER RADA HERRALD     Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
2